Next case on our call this morning is Case No. 5-230270, Dillon v. Christie Clinic, LLC, et al. Counsel present is William Lewarchuk. He's not present. My understanding is he filed a motion late last night after our regular business hours had closed. Asking for a continuance. Mr. Greenquine, you were present? Yes, Your Honor. You wish to be heard on that motion to continue? I do. Proceed. Good morning, Your Honors. Chris Greenquine for the Appellees, Christie Clinic, and Stacey Trulock. Defendants object to the emergency motion to reschedule today's oral argument. Styled, incidentally, as a motion for an extension of time to file an opening brief. It's important to note that we first received an email advising of the motion to reschedule today's oral argument at 6.10 p.m. last night after I had already traveled to Mount Vernon from Rockford. The motion before the court is not verified or supported by affidavit or certified pursuant to Section 1109 of the Code of Civil Procedure as required under Supreme Court Rule 361A. So it's out of procedural order right out of the gate. Nor does the COVID test attached there to substantiate the motion. Respectfully, anyone can get a photograph of a positive COVID test online or otherwise. And some authenticity to the test could have been provided to this court by placing the driver's license of counsel next to it, or better yet, a copy of yesterday's newspaper, the driver's license, and the test. But in any event, the motion must be evaluated in the context of the history of the delays caused by appellant's counsel in this appeal, which are prejudiced by clients. Counsel moved for and received, I believe, four extensions of time to file the appellant's brief, and after having missed a deadline altogether, did nothing for two months until this court on December 8, 2023, issued a rule to show cause why this appeal should not be dismissed pursuant to Supreme Court Rule 343. Counsel's motions for extensions of time and his effort to show cause why this appeal should not be dismissed for want of prosecution have been supported by claims of computer malfunctions, heart issues, and a dermatology emergency. The previous accommodations that this court has afforded counsel, each to the detriment of my clients, provides additional grounds to deny appellant's motion to reschedule today's oral argument. Defendants are also at a loss why the motion was one to reschedule the oral argument instead of a motion to appear by videoconferencing, a request that I'm sure the court can and would have accommodated him with. And you'll note in the unverified motion, he's indicated that he's well enough to verbally communicate. So it seems to me that the motion shouldn't have been one to continue today's oral argument 15 hours before it started, but rather one to appear by videoconferencing. So it's against that procedural history, Your Honors, that defendants object to rescheduling the oral argument. My client has incurred the expense of a 4.5-hour travel from Rockford to Mount Vernon yesterday, not to mention my return trip and the hotel room last night. So for those reasons, we object, and thank you for allowing me to be heard on the motion. Thank you. Questions? We are. We have a motion to continue first. Any questions about the motion to continue? Court wish to vote on that? Deny? Oh, yeah. The court has considered the matter. The clerk has advised the court that opposing counsel phoned yesterday afternoon inquiring about the time of oral argument today, did not indicate he was ill or did not give an indication he was going to need to continue. He simply asked what time he was supposed to be here for oral argument. He was provided that information, and then last night about 7.08, we received by electronic filing the motion to continue. We find that the motion is not timely filed. It was not supported by sworn affidavit as required. The points suggested by Mr. Drinkwine are well taken. With regard to the COVID test attachment, it does not have any way to verify, for this court to verify. While we are sympathetic to illness and late illness, this does not satisfy the court's requirements on the motion to continue. The motion to continue is denied. Ready to proceed to oral argument, Mr. Drinkwine? Yes, Your Honor. I think by our action today, the appellant is forfeiting his right to present oral argument, so we proceed to Appellee's oral argument. You may proceed. Thank you, Your Honor. May it please the court, Chris Drinkwine again for Defendant's Appellee's Christie Clinic and Physical Therapist, Stacy Trulock. To survive summary judgment on his medical malpractice claims, plaintiff was required to identify expert testimony establishing to a reasonable degree of medical certainty that there was a breach of the standard of care that approximately caused his injury. After affording plaintiff ample opportunity to do so, the circuit court was entirely correct in granting defendant summary judgment. Let me ask you a question about this before we even get into that. Does this court even have jurisdiction? Are we at the point of a final appealable order? Because my understanding is the issue of attorney's fees is still outstanding. Well, Your Honor, the court granted the motion for attorney's fees, a limited amount of attorney's fees. But it didn't set a specific amount yet. It set for further hearing, did it not, for the issue of attorney's fees? The court ordered the defendants to submit their affidavit of attorney's fees, which we did. The court ordered the attorney's fees to be paid on a limited basis, in fact, only 1.9 hours, just for the objection to the third response to the motion for summary judgment, which is time and file. And we submitted that affidavit, but Your Honor is correct. There's no order entered on an amount certain of what the fees are. My understanding is the court on March 27th ordered that it would order attorney's fees in an amount with a limit. The court then required an affidavit to be filed. You filed your affidavit, but no order was issued. On April 26th, 2023, you submitted a petition for attorney's fees, but no hearing was ever held on that and no order was ever issued on that pleading. I think that the attorney's fees were ordered in the amount of 1.9 hours, and all we had to do was file the affidavit substantiating those hours. And the circuit court did not enter an order indicating it was 400 and some dollars. It did not enter an order saying plaintiff pay defendant's attorney's fees in the amount of 400 and X dollars. That's correct. So given that, do you believe this court still has jurisdiction and we should decide this on the merits? Outstanding attorney's fees, I understand your point, Your Honor. I think that the fees were assessed. It's just the ministerial function of entering the order on the amount that's missing. I don't know standing here whether that deprives this court of jurisdiction. We'll consider that later then, but go ahead. You may proceed with the rest of your argument. Thank you, Your Honor. So plaintiff made three attempts to establish the requisite opinion of a breach of standard of care that approximately caused his injury by advancing the opinions of physical therapist Michelle Wolpoff and Dr. Victoria Johnson. Plaintiff attached an unsworn report of physical therapist Wolpoff to his first and second responses to the motion for summary judgment, but that report was not compliant with Rule 191 because it was unsworn and because it did not have attached thereto sworn or certified copies of all documents upon which the affiant relied. Also attached to the first and second responses to the motion for summary judgment were the unsworn letters from Dr. Johnson purporting to offer approximate cause opinion. These letters were also not compliant with Rule 191 because they're not sworn and did not comply with the attached papers requirement. And then submitted with the third response to the motion for summary judgment, which was filed without leave, was the longer, this time sworn report from physical therapist Wolpoff attempting to establish both the breach of the standard of care and the approximate cause element. And the circuit court correctly determined that even if it were to allow the third response to the motion for summary judgment, Wolpoff's new affidavit failed to satisfy the attached papers requirement and failed to establish approximate cause because her opinion was to a reasonable degree of physical therapy certainty rather than the requisite medical certainty to establish the element. And even more problematically, Your Honors, Wolpoff's affidavit submitted with the third response to the motion for summary judgment is not included in the record on appeal. The exhibits to the third response were in the possession of the circuit court and were in counsel's possession at the time of the hearing, but they are not in the record on appeal. And as a result, under the rule in Fauci v. O'Brien, this court must presume the circuit court acted in conformity with the law and with a sufficient factual basis for its finding. Therefore, plaintiff cannot even argue before this court that this formal affidavit of Wolpoff was other than to a reasonable degree of physical therapy certainty rather than the requisite medical certainty. And he can't argue that Wolpoff's affidavit was not in strict or was in strict compliance with Rule 191. Incidentally, as I mentioned, we had the exhibits. You just don't. And if plaintiff's counsel were here today, he would agree, if you asked him, that Wolpoff's new affidavit submitted with the third response to the summary judgment motion indeed offers opinions to a reasonable degree of physical therapy certainty. And of course, probable cause in a medical malpractice case must be established by expert testimony to a reasonable degree of medical certainty, which only a physician can provide, not a physical therapist. And the new affidavit also does not comply with the attached papers requirement of Rule 191. So in apparent recognition of the incompleteness of the record, plaintiff attempts to rely on the letters from Dr. Johnson, purporting to offer the opinion that plaintiff sustained a permanent injury as a direct consequence of defendant's actions. But once again, Dr. Johnson's letters are not proper 191 affidavits. They're not properly considered for summary judgment purposes because the letters are unsworn and do not comply with the attached papers requirement. Dr. Johnson's letters are not even signed. They're just type signed, let alone sworn to under oath. They don't contain any indication that Dr. Johnson took an oath before drafting the letters, which is a requirement of Rule 191. And our Supreme Court in Robidoux v. Oliphant has made clear that the attached papers requirement is not just a technical requirement, but rather it must be strictly complied with. And there are no papers attached to Dr. Johnson's two letters. So Dr. Johnson's letters are not properly considered for summary judgment purposes and cannot establish the proximate cause element. And the letters don't even attempt to provide the standard of care or deviation therefrom opinion. Our plaintiff argues further that even if he did not advance sufficient evidence to sustain his medical malpractice claims, summary judgment was not warranted because defendants must show that he could never produce the required evidence. In support of that argument, plaintiff cites the Pecora and Kleist cases, but neither case supports the holding plaintiff suggests under the circumstances of this case. After the disclosure, after the expert opinion disclosure deadline has come and gone, neither Illinois law nor Kleist place a burden on the move-ins when pointing out the absence of evidence to present proof that the non-move-in could never provide the required evidence. Pecora does not support that holding, nor does the Williams v. Covenant Medical Center case, which is cited in both Kleist and Pecora, because Williams and Pecora involve situations where expert discovery had not commenced and the plaintiff had not violated any discovery deadlines when the motions for summary judgment were filed. In sharp contrast, in this case, expert discovery had commenced and the expert disclosure deadline had passed when defendants filed their motion for summary judgment. And then plaintiff was given three chances to respond to the motion for summary judgment with the requisite expert opinions, which he failed to do by the time the summary judgment was granted in March. Plaintiff also contends that the circuit court erred in entering summary judgment before completion of discovery. And according to him, this case is analogous with the Williams case where the court determined that summary judgment was premature because it came at an early stage of the litigation and before expert discovery had commenced. Plaintiff concludes that the appropriate course when confronted with a premature, or cellotex-type motion is to permit further discovery without requiring a Rule 191 affidavit. But there's two problems with this argument. First, defendant's motion for summary judgment was not purely a cellotex-type of motion. It was also supported by physical therapist Truelock's affidavit indicating that she complied with the standard of care for a physical therapist. And second, in this case, the motion for summary judgment did not come at an early stage of the litigation or before expert discovery had commenced. This case was filed on November 17, 2020. The motion for summary judgment came after the August 1, 2022 expert opinion disclosure deadline had passed. And the circuit court granted the summary judgment motion after the December 30, 2022 extended expert opinion disclosure deadline had passed. And then on top of that, plaintiff was effectively given a third chance to provide the requisite opinion to disclose a 191-compliant opinion and failed to do so before this court, before the circuit court entered summary judgment on March 27, 2023. So if plaintiff knew who his experts were, he just failed to properly disclose their opinions and their opinions were deficient. Consequently, no further discovery was needed. Plaintiff was not unable to comply with Rule 191. He just failed to do so. So for all those reasons, summary judgment in favor of the defendants was warranted because plaintiff failed to identify an expert opinion to a reasonable degree of medical certainty, establishing a deviation from the standard of care that approximately caused his injuries. Moving to the second issue, plaintiff has also failed to demonstrate that the circuit court abused its discretion in assessing attorneys' fees. Notwithstanding the issue that we covered at the beginning of the argument, defendants filed written replies to each of plaintiff's three responses to the motion for summary judgment as well as an objection to plaintiff's motion for leave to file a third response. The circuit court limited the recovery of defendants' attorneys' fees to the preparation of that objection. There was just $1.9 of work for this limited task. Plaintiff argues that two summary judgment responses hardly echo the type of contemptuous or obstructionist acts warranting the award of attorneys' fees. Let me ask you this about the attorneys' fees. The notice of appeal, if I recall, does not even mention the attorneys' fees, does it? So is that issue forfeited, would you say? I would. My notes say the court's award of attorneys' fees and costs was not included in Dillon's notice of appeal. I'm not sure that I can put hands on it, Your Honor, but if that's the case, that's defense position. Your time is running down. Did you have anything else you wanted to say? I don't, Your Honor, other than the fact that there's not a 341 compliant argument with respect to the attorneys' fees if the court was even going to reach it. And even if there was a 341 compliant, there's no abuse of discretion. You can't argue that no reasonable person would order attorneys' fees for a late-filed third response to the motion for summary judgment under these circumstances. So defendants would respectfully request that this Court affirm the judgment of the Circuit Court of Champaign County. Thank you. Thank you. Questions? No questions. Questions? No questions. All right. Thank you. Thank you. We will take the matter under advisement and issue a decision in due course.